Michael P. Balaban   State Bar No. 9370
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141
(702)586-2964
Fax: (702)586-3023

Attorney for Plaintiff

UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | |
|---|---|
| ROBERTO BALAYAN,<br><br>         Plaintiff,<br><br>    vs.<br><br>THE SERVICE COMPANIES, INC., a Florida Corporation,<br><br>         Defendants. | CASE NO.<br><br>COMPLAINT FOR DAMAGES AND OTHER RELIEF BASED UPON:<br><br>1. DISABILITY DISCRIMINATION, FAILURE TO ACCOMMODATE AND RETAILIATION IN VIOLATION OF THE AMERICANS WITH DISABILITIES ACT<br>2. INTERFERENCE AND RETALIATION IN VIOLATION OF THE FAMILY AND MEDICAL LEAVE ACT<br><br>JURY DEMAND |

Plaintiff ROBERTO BALAYAN ("Plaintiff" or "Balayan") alleges as follows:

1.       This action is brought pursuant to the Americans with Disabilities Act of 1990, *42 U.S.C. § 12101, et seq.* (hereinafter "ADA") and the Family and Medical Leave Act of 1993, *29 U.S.C. § 2601, et seq.* (hereinafter "FMLA").

2.       Jurisdiction is predicated under these code sections as well as *28 U.S.C. § 1331*, as this action involves a federal question.

3. At all relevant times, THE SERVICE COMPANIES, INC., a Florida Corporation (hereinafter "Defendant" or "The Service Companies") employed 50 or more employees for each working day during each of 20 or more calendar work weeks in the current or preceding calendar year, and are therefore subject to the provisions of the ADA and FMLA.

4. The events or omissions giving rise to Plaintiff's claim occurred in this judicial district, thus venue is proper here pursuant to *28 USC §1391(b)(2),* and the ends of justice so require.

## PARTIES

5. Plaintiff, Balayan, is a citizen of the United States and at all relevant times herein was a resident of the State of Nevada, County of Clark and City of Las Vegas.

6. Plaintiff is informed and believes and thereon alleges that at all relevant times giving rise to the claims asserted, Plaintiff was employed in Las Vegas, Nevada by Defendant The Service Companies.

## EXHAUSTION OF REMEDIES

7. Plaintiff timely filed a "Charge of Discrimination" with the Equal Employment Opportunity Commission ("EEOC") and was issued a Notice of Right to Sue by the EEOC on July 6, 2015, a copy of which is attached to the Complaint as Exhibit "A".

## STATEMENT OF FACTS

8. On or about November 1, 2011, Plaintiff was hired by Defendant as a Houseman Supervisor and held the position of Human Resources Associate when he was terminated.

9. As a Human Resources Associate Balayan did, among other things, hiring, payroll and human resource functions for the company.

10. On October 14, 2014 Plaintiff went to Dr. Adelaida V. Resuello, M.D. with symptoms of high blood pressure, back pain, anxiety, depression, asthma, chest pain and shortness of breath.

11. Dr. Resuello diagnosed Balayan with benign hypertensive heart disease without heart failure, generalized anxiety disorder, mixed hyperlipidemia, impaired fasting glucose, other

abnormal blood chemistry, unspecified chest pain, shortness of breath and lumbosacral spondylosis without myelopathy.

12. On October 15, 2014, Plaintiff made a request for a leave of absence under the FMLA from October 14, 2014 to November 17, 2014.

13. On October 15, 2014, Plaintiff received a Termination/Separation Form dated October 15, 2014 saying that he was being termination due to a staff reduction/lay-off.

14. Thereafter on October 20, 2014, Balayan was referred to Dr. Ram K. Singh, M.D. by Dr. Resuello for consultation, evaluation and treatment for atypical chest pain. Plaintiff was also referred to Kelly Hawkins Physical Therapy for physical therapy.

15. Balayan began his treatment for his heart problems with Dr. Singh, a cardiologist, on October 23, 2014 and on January 21, 2015 has a cardiac catheterization/angiogram performed.

16. Plaintiff continues to treat with Dr. Resuello and Dr. Singh for his disabilities.

### **FIRST CAUSE OF ACTION**

### **(For Disability Discrimination, Failure to Accommodate**

### **and Retaliation in Violation of the ADA)**

17. Plaintiff Balayan incorporates the allegations set forth in paragraphs 1 through 16, inclusive, as if fully set forth herein.

18. Plaintiff was diagnosed with benign hypertensive heart disease without heart failure, generalized anxiety disorder, mixed hyperlipidemia, impaired fasting glucose, other abnormal blood chemistry, unspecified chest pain, shortness of breath and lumbosacral spondylosis without myelopathy by Dr. Resuello. These ailments substantially limited him in the major life activity of breathing, thinking, concentrating, standing, sitting, walking and working, among other major life activities, and thus qualified Balayan as being disabled under the ADA.

19. Defendant The Service Companies failed to engage in an interactive process to try to accommodate Plaintiff's disabilities and instead terminated his employment effective October 15, 2014, the same day he applied for Family Medical Leave (hereinafter "FML") under the FMLA.

20. The reason given for his termination was due to a staff reduction/lay-off.

21. Plaintiff believes and will prove at trial that there not really a staff reduction, but The Service Companies gave this as the reason for Balayan's termination as a pretext for the real reason.

22. Plaintiff believes and will prove at trial that the real reason for Balayan's termination was in retaliation for pursuing his rights under the ADA, by among other things, requesting a leave of absence to accommodate his disabilities. Plaintiff further believes and will prove at trial, that the fact that Balayan was disabled under the ADA in the first place, played into Defendant's decision to terminate Plaintiff's employment.

23. As a direct and proximate result of Defendant violating Plaintiff's rights under the ADA, Plaintiff has suffered, overall economic losses in earnings, bonuses, job benefits and expenses, in an amount to be proven at trial which exceeds the minimum jurisdictional limits of this Court.

24. As a direct and proximate result of Defendant violating Plaintiff's rights under the ADA, Plaintiff has suffered indignity, mental anguish, humiliation, emotional distress, nervousness, tension, anxiety, change in sleep patterns, depression, inconvenience and loss of enjoyment of life and other pecuniary losses, the extent of which is not fully known at this time, for which Plaintiff seeks damages in an amount in excess of the minimum jurisdictional limits of the Court, also to be proven at the time of trial.

25. In acting as they did, Defendant knowingly, willfully, and intentionally acted in conscious disregard of Plaintiff's rights. Their conduct was despicable, has subjected Plaintiff to oppression, and it warrants an award of punitive and exemplary damages in favor of Plaintiff, in a sum according to proof at trial.

26. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

27. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of his claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to

proof at trial.

## SECOND CAUSE OF ACTION

### (For Interference and Retaliation in Violation of the FMLA)

28. Plaintiff Balayan incorporates the allegations set forth in paragraphs 1 through 27, inclusive, as if fully set forth herein.

29. This cause of action is brought pursuant to FMLA as it involves a claim by Plaintiff for interference and retaliation in taking FML which is governed by the FMLA.

30. As set forth above Plaintiff applied for FML on October 15, 2014.

31. Then also effective October 15, 2014, Balayan was terminated because he was supposedly laid off as part of a reduction in staff.

32. Plaintiff believes and will prove at trial that there was no reason to lay Balayan off as part of a staff reduction but The Service Companies gave this as the reason for Plaintiff's termination as a pretext for the real reason.

33. Plaintiff believes and will prove at trial that the real reason for Balayan's termination was for interference and in retaliation for pursuing his rights for a leave of absence under the FMLA.

34. As a direct and proximate result of Defendant violating Plaintiff's rights under the FMLA, Plaintiff Balayan has suffered loss of income, including but not limited to past and future wages, benefits, expenses, insurance, loss of back pay, front pay, other consequential damages, pain and suffering and other damages to be proven at trial.

35. Defendant's violation of Plaintiff's rights under the FMLA were with deliberate indifference to such rights or were willful, entitling Plaintiff to an award of liquidated damages equal to double the amount of his actual damages.

36. Plaintiff claims the damages alleged herein, together with prejudgment interest as provided by law, in a sum according to proof at trial.

37. Plaintiff has incurred, and continues to incur, attorney's fees in the prosecution of

his claims. Plaintiff therefore seeks an award of reasonable attorney's fees, in a sum according to proof at trial.

### PRAYER FOR RELIEF

WHEREFORE, Plaintiff Balayan demands judgment against Defendant as follows:

1. Declaring that the acts and practices complained of here are a violation of the ADA and FMLA;

2. Enjoining and permanently restraining the violations by Defendant of the ADA and FMLA;

3. For back pay and front pay for overall economic losses in earnings, bonuses, job benefits and expenses, according to proof at time of trial;

4. For liquidated damages under the FMLA as an additional amount equal to the sum of actual damages and interest;

5. For compensatory damages for mental and emotional distress, worry, indignity, mental anxiety, mortification, depression, shame, grief, inconvenience and loss of enjoyment of life and other pecuniary losses, all to Plaintiff's damage in a sum to be shown at the time of trial;

6. For punitive damages;

7. For attorney's fees and costs in an amount determined by the court to be reasonable;

8. For pre-judgment interest on all damages; and

9. For any other and further relief that the Court considers proper.

### DEMAND FOR JURY TRIAL

Pursuant to Rule 38(b) of the Federal Rules of Civil Procedure, Plaintiff demands a trial by jury in this action.

DATED:  10/01/2015          LAW OFFICES OF MICHAEL P. BALABAN

BY: /s/ Michael P. Balaban
Michael P. Balaban
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV  89141

# EXHIBIT A

EECC Form 161-B (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## NOTICE OF RIGHT TO SUE *(ISSUED ON REQUEST)*

| To: | Roberto L. Balayan<br>4265 S. Bruce St.<br>Las Vegas, NV 89119 | From: | Las Vegas Local Office<br>333 Las Vegas Blvd South<br>Suite-8112<br>Las Vegas, NV 89101 |
|---|---|---|---|

[ ] *On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 848-2015-11490 | Jake B. DeMarco,<br>Intake Supervisor | (702) 388-5013 |

*(See also the additional information enclosed with this form.)*

**NOTICE TO THE PERSON AGGRIEVED:**

**Title VII of the Civil Rights Act of 1964, the Americans with Disabilities Act (ADA), or the Genetic Information Nondiscrimination Act (GINA):** This is your Notice of Right to Sue, issued under Title VII, the ADA or GINA based on the above-numbered charge. It has been issued at your request. Your lawsuit under Title VII, the ADA or GINA **must be filed in a federal or state court WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

[ ] More than 180 days have passed since the filing of this charge.

[X] Less than 180 days have passed since the filing of this charge, but I have determined that it is unlikely that the EEOC will be able to complete its administrative processing within 180 days from the filing of this charge.

[X] The EEOC is terminating its processing of this charge.

[ ] The EEOC will continue to process this charge.

**Age Discrimination in Employment Act (ADEA):** You may sue under the ADEA at any time from 60 days after the charge was filed until 90 days after you receive notice that we have completed action on the charge. In this regard, **the paragraph marked below applies to your case:**

[ ] The EEOC is closing your case. Therefore, your lawsuit under the ADEA **must be filed in federal or state court WITHIN 90 DAYS of your receipt of this Notice.** Otherwise, your right to sue based on the above-numbered charge will be lost.

[ ] The EEOC is continuing its handling of your ADEA case. However, if 60 days have passed since the filing of the charge, you may file suit in federal or state court under the ADEA at this time.

**Equal Pay Act (EPA):** You already have the right to sue under the EPA (filing an EEOC charge is not required.) EPA suits must be brought in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.**

If you file suit, based on this charge, please send a copy of your court complaint to this office.

On behalf of the Commission

_____
Amy Burkholder,
Local Office Director

**JUL 0 6 2015**
*(Date Mailed)*

Enclosures(s)

cc: Matthew R. Porio
Counsel for The Service Companies
FOX ROTHCHILD, LLP. ATTORNEYS AT LAW
75 Eisenhower Parkway, Suite 200
Roseland, NJ 07066

Michael P. Balahan, Esq.
LAW OFFICES OF MICHAEL P. BALABAN
10726 Del Rudini Street
Las Vegas, NV 89141